IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GRINNELL MUTUAL REINSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 10 C 187 |
| v. | ) ) | |
| GARY L. WOLF, Individually and d/b/a HOMER HAY, and CINDY MATIJEVICH, Personal Representative of the Estate of CHRISTOPHER MATIJEVICH, Deceased, | ) ) ) ) ) | HONORABLE DAVID H. COAR |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Grinnell Mutual Reinsurance Company seeks a declaratory judgment that it has no duty to defend or indemnify its insured, defendant Gary Wolf, in an underlying lawsuit in Illinois State Court. *See* 28 U.S.C. §§ 2201-02. Grinnell and defendant Cindy Matijevich have filed cross motions for summary judgment. For the following reasons, Grinnell's motion is GRANTED and Matijevich's motion is DENIED. The court will accordingly enter a declaratory judgment that Grinnell has no duty to defend or indemnify Wolf in the underlying suit.

**FACTS**

On October 1, 2009, Cindy Matijevich, as the representative of the estate of Christopher Matijevich ("the decedent"), filed suit in the Circuit Court of Will County against Gary Wolf and his corporation Homer Hay. In her second amended complaint, Matijevich alleges that Wolf (both individually and as agent or employee of Homer Hay) negligently caused the death of the decedent, and she seeks recovery under the Illinois Wrongful Death Act. *See* 740 ILCS 180/1 *et seq*. Matijevich alleges that on June 24, 2008, the decedent was riding his motorcycle westbound

on 159th Street in Homer Glen, Illinois, while Wolf drove a truck with an attached hayrack eastbound on that same street. When Wolf attempted to turn north into a private drive at 13304 W. 159th Street, the hayrack attached to his vehicle "came into contact" with the decedent's motorcycle, injuring and killing him. (Matijevich's original complaint had alleged that Wolf's vehicle—as opposed to the hayrack attached to the vehicle—struck the decedent's motorcycle). Matijevich now describes that hayrack as "dilapidated and unfit for travel on a public roadway." The decedent is survived by his mother Cindy, his father Gary, and his sister Catelin Matijevich.

The second amended complaint alleges that Wolf:

a) Failed to yield the right of way to decedent's vehicle before making a left-hand turn, in violation of 625 ILCS 5/11902;

b) Operated a vehicle and attached hayrack without keeping a proper and sufficient lookout;

c) Failed to mark the attached hayrack so that it would be visible at night;

d) Failed to inspect the hayrack to insure fitness for operation on a public highway;

e) Operated a hayrack on a public highway at night when he knew or should have known that it was not fit or safe for such operation;

f) Operated a motor vehicle and attached hayrack at a speed that impacted or blocked the normal and reasonable movement of traffic, in violation of 625 ILCS 5/11-606; and

g) Operated a hayrack in a manner that was unsafe and unreasonable in regards to the safety of others lawfully on a public highway.

Grinnell Mutual Reinsurance Company issued a Commercial Lines Policy (No. 0000372923) to Gary L. Wolf d/b/a Homer Hay/Wolf's Custom Services, providing general commercial liability insurance for a one-year policy period beginning April 3, 2008. Grinnell denies that the policy provides coverage for this occurrence. The provisions of the policy that

give rise to the present dispute are the following:

Section I – Coverages

1. Insuring Agreement.

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

2. Exclusions.

This insurance does not apply to:

> g. Aircraft, Auto or Watercraft.
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

SECTION V – DEFINITIONS

2. "Auto" means:
> a. A land motor vehicle, trailer or semi-trailer designed for travel on public roads, including any attached machinery or equipment; or
> b. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the State where it is licensed or principally garaged.

## LEGAL STANDARD

A party seeking summary judgment has the burden of showing, through "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact that would prevent judgment as a matter of law. Fed. R. Civ. P. 56(c). On a motion for summary judgment, courts "must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable

- 3 -

inferences in favor of that party." *Allen v. Cedar Real Estate Group, LLP*, 236 F.3d 374, 380 (7th Cir. 2001).

The nonmoving party, in turn, may not rest on the allegations in his pleadings or conclusory statements in affidavits; he must support his contentions with evidence that would be admissible at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *see Albiero v. City of Kankakee*, 246 F.3d 927, 932 (7th Cir. 2001); Fed. R. Civ. P. 56(c). To avoid summary judgment, the nonmovant must do more than raise a "metaphysical doubt" as to the material facts. *See Wolf v. Northwest Ind. Symphony Soc'y*, 250 F.3d 1136, 1141 (7th Cir. 2001) (citation and quotation omitted). And "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

These same principles apply when the parties have filed cross motions for summary judgment. *See, e.g.*, *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 561-62 (7th Cir. 2002).

## **ANALYSIS**

To determine whether an insurer is obligated to defend its insured, Illinois courts "compare the allegations of the underlying complaint to the relevant provisions of the insurance policy." *Ins. Corp. of Hanover v. Shelborne Assocs.*, 905 N.E.2d 976, 981 (Ill. App. Ct. 2009) (citations omitted). "If the underlying complaints allege facts within or potentially within policy coverage, the insurer is obliged to defend its insured even if the allegations are groundless, false, or fraudulent." *Id.* (citation omitted). "As the threshold for pleading a duty to defend is low, any doubt with regard to such duty is to be resolved in favor of the insured." *Id.* (citation omitted). "Insurance policies are to be liberally construed in favor of coverage, and where an ambiguity exists in the insurance contract, it will be resolved in favor of the insured and against the insurer." *Id.* (citation omitted). "[I]f several theories of recovery are alleged in the underlying

complaint against the insured, the insurer's duty to defend arises even if only one of the several theories is within the potential coverage of the policy." *Id.* (citation omitted).

Here, the policy issued by Grinnell excludes from coverage any "'bodily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured." (Policy § I-2-g.) The policy defines an "auto," in relevant part, as "[a] land motor vehicle, trailer or semi-trailer designed for travel on public roads, including any attached machinery or equipment." (*Id.* § V-2-a.) The underlying complaint includes allegations pertaining to Wolf's purportedly negligent maintenance, operation, and marking of the hayrack. Matijevich contends that these allegations fall outside the scope of the policy's auto exclusion. The court disagrees.

Matijevich relies principally on *United Servs. Auto Ass'n v. Dare*, 357 Ill. App. 3d 955 (Ill. App. Ct. 2005), but the resemblance between the facts of *Dare* and the facts of the present case is superficial at best. In *Dare*, the insured sold the plaintiff in the underlying suit a horse trailer with an allegedly defective "butt chain" (a chain intended to restrain the horse at the rear of the trailer) that malfunctioned, releasing the horse and injuring the plaintiff. Among other theories of recovery, the plaintiff alleged that the insured had "designed, marketed, distributed, and sold a trailer which had design defects," and the Illinois Appellate Court found that these allegations were "separate and distinct claims from the allegations concerning [the insured's] ownership and maintenance of the trailer." *Id.* at 965. Therefore, those allegations did not fall within the scope of the policy's exclusion of injuries or damages arising out of the "ownership, maintenance, or use" of a "motor vehicle," defined to include a "trailer." *Id.* at 672. Likewise, the plaintiff's allegations that the insured had "failed to warn potential users of the trailer's risks, dangers and limitations" were "different from the allegations that she maintained the trailer as set

- 5 -

forth in the exclusion." *Id.* at 679. The allegations in the present case, however, are far afield from those in *Dare*: Matijevich does not allege that Wolf negligently designed the hayrack or sold it without warning the purchaser of its attendant perils. Rather, her allegations take aim at Wolf's purportedly negligent maintenance and use of the hayrack. But in *Dare*, the plaintiff's allegations regarding the maintenance of the horse trailer were precisely *not* the basis for the insurer's duty to defend; that duty arose instead from allegations that the court explicitly distinguished from those regarding the maintenance and use of the trailer. *See id.* Therefore, *Dare* provides no support for Matijevich's position.

Matijevich also faces an even more fundamental problem. For purposes of the policy, an "auto" includes any "attached machinery or equipment," and it seems hopeless to deny either that the hayrack hitched to Wolf's truck was "machinery or equipment" or that it was "attached." So Matijevich tries a different tack: she argues that the policy's definition of "auto" (again, "[a] land motor vehicle, trailer or semi-trailer designed for travel on public roads, including any attached machinery or equipment") is ambiguous and must therefore be construed in her favor. In particular, she contends that it is unclear whether "any attached machinery or equipment" must itself be "designed for travel on public roads" in order to count as part of the "auto." Not so. As a matter of elementary grammar, the phrase "designed for travel on public roads" modifies the phrase "land motor vehicle, trailer or semi-trailer" in the policy's definition of "auto." Matijevich's attempt to smuggle the phrase "any attached machinery or equipment" into the scope of that modifier disregards the basic syntax of the sentence and for that reason is entirely unconvincing. Such a restriction would seem rather odd, even arbitrary, as well, but that point would add little at this juncture. The policy is not ambiguous: it plainly includes Wolf's hayrack as part of his "auto."

That conclusion sinks Matijevich's claim.  To evade the sweep of the policy's auto exclusion, she needs to show that her purportedly non-auto-related allegations are not mere "rephrasings" of allegations that would trigger the exclusion.  *Northbrook Prop. & Cas. Co. v. Transp. Joint Agreement*, 741 N.E.2d 253, 254 (Ill. 2000).  This she cannot do: since, for purposes of the policy, the hayrack is a part of the truck to which it was attached, any allegations regarding the maintenance or use of the hayrack are merely rephrased allegations regarding the maintenance or use of the truck.  And the decedent's death—the result of an auto accident—undoubtedly "arose out of" the use of Wolf's truck in this sense.  Therefore, that injury, as it is alleged in the underlying complaint, is not within or potentially within the coverage provided by the policy.  Grinnell has no duty to defend the insured in the underlying lawsuit, and for that reason cannot have a duty to indemnify either.  *See, e,g.*, *Fremont Cas. Ins. Co. v. Ace-Chicago Great Dane Corp.*, 739 N.E.2d 85, 89 (Ill. App. Ct. 2000) ("where no duty to defend exists, no duty to indemnify could ever exist").

## **CONCLUSION**

For the foregoing reasons, Grinnell's motion for summary judgment is GRANTED and Matijevich's motion for summary judgment is DENIED.  The court will enter a declaratory judgment that Grinnell has no duty to defend or indemnify Wolf in the underlying suit.

Enter:

/s/ David H. Coar

David H. Coar

United States District Judge

**Dated: July 30, 2010**